IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SYLVIA MORROW : | |
| : | |
|    Plaintiff : | |
| : | |
| v. : | Civil Action No. 06-636 (CKK) |
| : | |
| WASHINGTON METROPOLITAN AREA : | |
|  TRANSIT AUTHORITY : | |
| : | |
|    Defendant : | |

## REPORT OF THE PARTIES' CONFERENCE UNDER LCvR 16.3

On April 28, 2006, counsel for the parties discussed the matters set forth in LCvR 16.3. The numbered paragraphs below correspond to those in LCvR 16.3 and reflect the agreements reached by the parties.

1. Plaintiff believes the case is not likely to be disposed of by motion. Defendant believes the case may be disposed of by motion.

2. Plaintiff anticipates amending the Complaint by June 9, 2006 to join another defendant if discovery shows that defendant WMATA was not responsible for maintenance of the escalator in question. The parties agree that defendant WMATA owned and operated the escalator on which plaintiff was injured on June 12, 2003 at the Dupont Circle Metro Station.

3. The case should be assigned to a magistrate judge for purposes of discovery only.

4. There is a realistic possibility of settling the case.

5. The case could benefit from mediation after completion of discovery.

6. The parties agree to filing dispositive motions no later than 15 days after completion of discovery, oppositions to motions within 11 days after service and replies to oppositions within five days after service in accordance with LCvR 7.1, and a decision on the motions, if practicable, within 30 days after filing.

7. The requirement of initial disclosures pursuant to Rule 26(a)(1), F.R.Civ.P., should not be modified.

8. The parties anticipate that discovery should take 120 days, including interrogatories, requests for production of documents, requests for admissions, depositions of the plaintiff, the defendant(s), and lay witnesses on liability, and perhaps the depositions of plaintiff's treating physicians, any physician who examines plaintiff on behalf of the defendant(s), and liability experts. The parties agree to the limit of 25 interrogatories by each side. The parties do not request limits be placed on duration of depositions, other than those set forth in the Federal Rules. A protective order is not appropriate.

9. The requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should not be modified. Plaintiff will provide this information at least 60 days before the completion of discovery, and defendant will provide this information at least 30 days before the completion of discovery. The depositions of experts should occur within the period for completion of discovery.

10. Not applicable.

11. Trial and/or discovery should not be bifurcated or managed in phases.

12. The pretrial conference should be scheduled for a date convenient to the Court.

13. The Court should provide that a trial date will be set at the pretrial conference.

14. None.

A proposed Scheduling Order and a Statement of the Case are attached.

_____
Christopher H. Mitchell - #416826
STEIN, MITCHELL & MEZINES
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC  20036
(202) 737-7777
(202) 296-8312 (fax)


_____
Jeffrey C. Seaman - #459926
Assistant General Counsel
WMATA
600 5th Street, N.W.
Washington, D.C. 20001
(202) 962-1856
(202) 962-2550 (fax)