UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SYLVIA MORROW<br>1112 Lake St.<br>Natchitoches, Louisiana   71457<br><br>            Plaintiff,<br>v.<br><br><br>WASHINGTON METROPOLITAN<br>AREATRANSIT AUTHORITY<br>("WMATA")<br>600 5th St., N.W.<br>Washington, D.C.   20001<br><br>            Defendant /<br>            Cross-Plaintiff<br><br>and<br><br>KONE, INC.<br>One Kone Court<br>Moline, IL 61256<br><br>Serve:  CT Corporation System<br>            1015 15th St., N.W.<br>             Suite 1000<br>             Washington, D.C.   20005<br><br>            Defendant /<br>            Cross-Defendant. | 06-0636 (CKK) |

---

**ANSWER
OF WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
to AMENDED COMPLAINT and CROSS-CLAIM
AGAINST KONE, INC.**

Comes now the Defendant, Washington Metropolitan Area Transit

Authority (hereinafter "WMATA"), by and through counsel, and for its Answer to

the Amended Complaint, states as follows:

## FIRST DEFENSE

The Amended Complaint fails to state a cause of action against WMATA upon which relief may be granted.

## SECOND DEFENSE

1. The Defendant admits that this Court has jurisdiction over the matter pursuant to D.C. Code Ann., § 9-1107.01(81) (2001) and pursuant to 28 U.S.C. §1332(a). The remaining allegations of paragraph 1 of the Amended Complaint are denied.

2. Regarding the allegations as to time, place and date, and the Plaintiff's status as a passenger, the Defendant lacks knowledge or information sufficient to permit it to admit or deny the allegations of paragraph 2 of the Amended Complaint; WMATA admits that Kone, Inc. , is incorporated in Delaware and that it is registered to do business in the District of Columbia; the remaining allegations of Paragraph 2 of the Amended Complaint are denied.

3. The Defendant admits that it was the owner of the escalators located at the Dupont Circle Metro rail station, and that said escalator was maintained by Kone, Inc. WMATA denies, however that the escalator was defective.

4. The allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 are denied.

### THIRD DEFENSE

Some or all of the Plaintiff's claims may be barred by Defendant's governmental immunity under the WMATA Compact, D.C. Code Ann. §9-1107.01 (80) (2001).

### FOURTH DEFENSE

The Defendant reserves the right to defend on the basis of the Plaintiff's own contributory negligence or assumption of the risk, should the evidence so indicate.

The Defendant intends to right to rely upon any and all defenses available from the evidence presented at the trial of this action, including but not limited to failure to mitigate damages, and reserves the right to assert such defenses at that time.

Further answering the Amended Complaint, Defendant denies all allegations of improper conduct, and further denies all allegations not specifically admitted or otherwise answered.

Wherefore, the Defendant WMATA prays that the Amended Complaint be dismissed as against WMATA, and that it be awarded all costs incurred in defending the action.

### **CROSS-CLAIM AGAINST KONE, INC.**

1. The Cross-Defendant, Kone, Inc., is an Illinois corporation, with a principal place of business in Maryland. The Court has jurisdiction over this matter pursuant to D.C. Code Ann., § 9-1107.01(81) (2001), and pursuant to 28 U.S.C. §1332(a).

2. On March 13, 2006, the Plaintiff herein, Sylvia Morrow, filed in the Superior Court of the District of Columbia a lawsuit against Washington Metropolitan Area Transit Authority ("WMATA").  A copy of that suit is attached hereto as **A**.  She subsequently filed an Amended Complaint, naming Kone, Inc., as a Defendant.  A copy of that pleading is attached hereto as **B.**

3. In the lawsuit, the Plaintiff alleges that she was injured on June 12, 2003, as a result of negligent maintenance of an escalator at the Dupont Circle Metro station.

4. The escalator referenced by the Plaintiff in her Complaint and later in her Amended Complaint had been maintained since October 2001 by Cross-Defendant Kone, Inc., pursuant to contract with WMATA.

5. Said contract was executed by the parties on or about October 26, 2001.

6. The Contract provides, *inter alia*, at Part II, Section 2, ¶15(a) as follows:

> The Contractor (Kone, Inc.), will save and keep harmless and indemnify WMATA against any and all liability claims, and the cost of whatsoever kind and nature arising or alleged to have arisen for injury, including personal injury to . . . person or persons, and for loss and damage occurring in connection with this Contract, and for any acts in connection with activities to be performed under this Contract resulting in whole or in part from the acts, errors or omissions of the Contractor, . . .

## COUNT I

### Contractual Indemnity

7. The foregoing allegations are realleged here by reference as if set forth verbatim.

8. Pursuant to the terms of the Contract, the Cross-Defendant, Kone, Inc., owes WMATA full indemnity against the claims of the Plaintiff herein.

## COUNT II

### Common Law Indemnity and Contribution

9. The foregoing allegations are realleged here by reference as if set forth verbatim.

10. Defendant WMATA alleges that, if Plaintiff sustained the injuries and damages as alleged in the Amended Complaint, they were not caused by any negligent act, error or omission of WMATA, but by the negligent acts, errors, or omissions of the Cross-Defendant; that the Cross-Defendant's acts caused, helped, or contributed to bring about the incident and injuries alleged in Plaintiff's Amended Complaint; and that, but for said acts, errors, or omissions the alleged incident and injuries, if any, would not have occurred and have been sustained; and that, if WMATA is adjudged liable to the Plaintiff for any such damages, the Defendant / Cross-Plaintiff WMATA is entitled to contribution and/ or indemnity from Cross-Defendant for all sums adjudged against it.

WHEREFORE, Defendant WMATA demands judgment against Cross-Defendant Kone, Inc., for 1) any and all sums adjudged against it in favor

of Plaintiff; 2) for its costs and expenses in defending Plaintiff's action; or 3) if Plaintiff should recover against it, for contribution as to any such sums in an amount not less than one-half of such judgment as the Plaintiff may take against it; 4) for a sum sufficient to compensate it for the aforesaid damage to its property, and 5) for any such further relief as the court may deem just and necessary.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREATRANSIT AUTHORITY

Carol O'Keeffe
General Counsel

_____/s/_____
Mark F. Sullivan
Deputy General Counsel - WMATA

_____/s/_____
Jeffrey C. Seaman, 466509
Assistant General Counsel- WMATA
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1856