IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SYLVIA MORROW<br><br>               Plaintiff<br><br>v.<br><br>WMATA., et al.<br><br>               Defendants | Civil Action No.: 1:06-cv-636 (CKK) |

**KONE, INC.'S ANSWER TO AMENDED COMPLAINT
AND REQUEST FOR JURY TRIAL**

Now comes the Defendant KONE Inc., (hereinafter "KONE"), by and through its attorneys, and in Answer to the Amended Complaint filed by Plaintiff Sylvia Morrow ("Plaintiff") states:

1. KONE denies any allegations related to any negligence on its part in causing and or contributing to any injuries to Plaintiff in this matter. Plaintiff's claims to jurisdiction simply offer legal conclusions to which to no answer is required.

2. KONE is without knowledge or information at this time sufficient to form a belief as to the truth and characterizations of the allegations in paragraph 2 of the Amended Complaint and therefore denies the same. Furthermore, KONE denies any allegations related to any negligence on its part in causing and or contributing to any injuries to Plaintiff in this matter.

3. KONE denies that the escalator at the Dupont Circle Station was defective on the date in question, and KONE denies any allegations related to any negligence on its part in causing and or contributing to any injuries to Plaintiff in this matter. KONE admits that the escalator in question was serviced and maintained by KONE and also admits that the escalator in question was owned by WMATA.

4. KONE denies any allegations related to any negligence on its part in causing and or contributing to any injuries to Plaintiff in this matter. KONE further denies that the escalator was in violation of any applicable codes, rules and/or regulations.

5. KONE denies any allegations related to any negligence on its part in causing and or contributing to any injuries to Plaintiff in this matter. KONE is without knowledge or information at this time sufficient to form a belief as to the truth and characterizations of the allegations in paragraph 5 of the Amended Complaint relating to Plaintiff's medical condition, and therefore denies the same.

KONE denies all allegations of negligence contained in the WHEREFORE paragraph following paragraph 5 of the Amended Complaint. Furthermore, KONE denies any claims for damages in this matter.

## GENERAL DENIAL

All allegations not specifically admitted in KONE's Answer are hereby denied.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim against KONE upon which relief can be granted.

### Second Defense

Any claim or cause of action that Plaintiff may have had, if any, is barred by the applicable statutes of limitations and repose, and by the equitable doctrines of laches, waiver and estoppel.

### Third Defense

If Plaintiff was injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely by the acts, wrongs and omissions of Plaintiff or by preexisting

conditions or by other persons, entities, forces and/or things over which KONE had no control and for which KONE is not responsible.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory negligence and/or assumption of risk.

### Fifth Defense

The Complaint is barred, in whole or in part, by Plaintiff's consent to the acts alleged in the Complaint.

### Sixth Defense

Plaintiff has failed to mitigate any damages which Plaintiff may have allegedly suffered, which failure bars or reduces any recovery by Plaintiff.

### Seventh Defense

Although denying at all times that any product allegedly sold and/or manufactured and/or maintained by KONE caused or contributed to the injuries and damages alleged in the Complaint, KONE states that Plaintiff was warned or otherwise made aware of the alleged dangers of the product and further, that any such dangers, if they existed, were not beyond that which would have been contemplated by an ordinary consumer of the product, and is thereby barred from any recovery on the claims asserted.

### Eighth Defense

KONE states that as of the relevant times, they did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known of (1) the design characteristics, if any, that allegedly caused the damages complained of herein or the alleged danger of such characteristics; or (2) any alternative design referred to by Plaintiff, if

~BALT2:4149110.v1

any. KONE further states that any alternative design was not feasible either scientifically or technologically, nor was one economically practical as of the relevant times.

### Ninth Defense

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

### Tenth Defense

KONE invokes each and every defense available to it under the Federal Rule of Civil Procedure 8(c).

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution.

### Twelfth Defense

Plaintiff's claims are barred because of the Plaintiff's awareness of, or lack of reliance on, the representations alleged.

### Thirteenth Defense

Plaintiff's damages, if they were caused by the escalator, were caused in whole or in part, by the misuse or unintended use of the escalator.

### Fourteenth Defense

Plaintiff's damages, if any, were caused by changes and/or alterations to the escalator and the surrounding area, and were made by persons not within KONE's control.

### Fifteenth Defense

Plaintiff's alleged damages were not caused by any failure to warn on the part of KONE.

~BALT2:4149110.v1

### Sixteenth Defense

Plaintiff's causes of action are barred in whole or in part by Plaintiff's failure to assert a safer design for the escalator and/or the surrounding area.

### Seventeenth Defense

Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the escalator allegedly used by Plaintiff was properly manufactured in accordance with the applicable standard(s) of care, and properly operating at the time of the alleged incident.

### Eighteenth Defense

Plaintiff's causes of action are barred because the escalator was consistent with or exceeded consumer expectations.

### Nineteenth Defense

Based on the state of scientific and technological knowledge at the time the escalator was manufactured, the escalator was reasonably safe for its normal and foreseeable uses at all relevant times.

### Twentieth Defense

Each item of economic loss alleged in the Complaint was, or with reasonable certainty, will be replaced or indemnified, in whole or in part, from collateral sources.

### Twenty-First Defense

KONE expressly denies that any third party engaging in the acts alleged by Plaintiff's were acting as KONE's agent or servant, at the instruction of KONE or within KONE's control. Therefore, Plaintiff's claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

### Twenty Second Defense

Plaintiff cannot maintain this action because they have failed to join all necessary parties.

### Twenty-Third Defense

KONE incorporates all defenses asserted by all of the other defendants that are not otherwise specifically set forth in this Answer.

### Twenty-Fourth Defense

KONE hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such defense. KONE also reserves its right to assert other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by substantive law other than the District of Columbia.

### Twenty-Fifth Defense

Plaintiff's causes of action are barred in whole or in part by the doctrines of merger, bar, collateral estoppel and res judicata.

### Twenty-Sixth Defense

Plaintiff's causes of action are barred in whole or in part by the statute of repose.

### Twenty-Seventh Defense

Plaintiff lacks proper standing to assert a claim against KONE.

## **REQUEST FOR JURY TRIAL**

KONE, Inc. acknowledges Plaintiff's request for a jury trial and similarly requests trial by jury of all factual issues.

WHEREFORE, KONE prays for relief and judgment against Plaintiff as follows:

A.  That Plaintiff take nothing by reason of the Complaint;

B.  That KONE recover its cost and attorney's fees incurred herein; and

C.  For such further and other relief as the Court deems proper.

Respectfully submitted,

_____
Eugene A. Arbaugh, Jr.
Federal Bar #: 448091
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-4105

*Attorneys for KONE, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of June, 2006, a copy of the foregoing KONE's Answer to Complaint and Demand for Jury Trial, as mailed postage-prepaid to:

Christopher H. Mitchell
Stein, Mitchell & Mezines
1100 Connecticut Avenue, NW
Washington DC 20036

*Attorney for Plaintiff*

Carol O'Keefe
Acting General Counsel
WMATA
600 Fifth Street
Washington, DC 20001-2693

*Attorney for Defendant WMATA*

_____
Eugene A. Arbaugh, Jr.
Federal Bar #448091
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-4105

*Attorneys for KONE, Inc.*